**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

UNITED STATES OF AMERICA

- against -

TYRONE BARNES,

Defendant.

-----------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____          │
│ DATE FILED: 4/22/14              │
└─────────────────────────────────┘
```

**MEMORANDUM OPINION**
**AND ORDER**

**09 CR 1053 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

On July 21, 2011, Tyrone Barnes was sentenced to 210 months of imprisonment after pleading guilty to conspiracy to distribute heroin (Count One) and possession with intent to distribute heroin (Count Two). Barnes appealed his sentence to the Second Circuit which affirmed this Court's judgment on June 11, 2012.[1] On February 14, 2013, Barnes moved to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, section 2255 ("section 2255").[2] I denied Barnes's motion under section 2255 on July 2, 2013, and the Second Court dismissed Barnes's appeal on April 10, 2014.

---

[1]     *See United States v. Barnes*, 480 Fed. App'x 77, 79 (2d Cir. 2012).

[2]     In his motion under section 2255, Barnes alleged that his trial attorney: (1) misjudged Barnes' sentencing exposure, first leading him to reject pleading guilty prior to trial and, then, convincing him to plead guilty mid-trial without the benefit of a plea agreement; (2) failed in the filing, preparation, and investigation of the suppression hearing in the criminal case; and (3) suffered from financial difficulties that adversely affected his ability to represent Barnes.

On March 27, 2014, Barnes filed a motion in his criminal case to modify his sentence pursuant to Title 18, United States Code, section 3582(c)(1)(B) ("section 3582").[3]  Although styled as a motion under section 3582, Barnes in effect seeks an Order under the All Writs Act[4] and Title 28, United States Code, section 2243 ("section 2243").[5]  However categorized, Barnes's motion must be denied.

Section 3582(c) states that a court may not modify a sentence after it has been imposed.  However, under section 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . ."  Barnes argues that several statutes expressly permit modification of a sentence.[6]

As explained by the Supreme Court, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."[7]  As a

---

[3]     See Docket No. 67 ("Motion").

[4]     See 28 U.S.C. § 1651.

[5]     See Motion at 12 (stating that defendant moves the Court "to cite the United States to appear herein, and 'show cause' why this conviction and sentence should not be 'modified' for errors of the most fundamental character, as expressly permitted by statutes 28 U.S.C. §§ 2243 and 1651").

[6]     See id. at 2, 3, 12.

[7]     Pennsylvania Bureau of Correction v. United States Marshals Serv., 474 U.S. 34, 43 (1985).

2

result, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."[8] "The availability of the writ is very limited, and survives only to the extent that it fills gaps in the current system of post-conviction relief."[9] As explained by the Second Circuit, "A writ of *audita querela* is an extraordinary remedy . . . and is generally available only if 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'"[10]

However, Barnes's arguments are all directed at challenging his conviction and sentence,[11] and this relief is specifically addressed by section

---

[8]     *Id.*

[9]     *Stewart v. United States*, Nos. 13 Civ. 5279, 02 Cr. 0395, 2013 WL 4044756, at *8 (S.D.N.Y. Aug. 9, 2013) (citations, quotations, and alterations omitted). Because Barnes is still in custody, a writ of *coram nobus* is not available to him. *See, e.g., United States v. Viertel*, No. 01 Cr. 571-3, 2012 WL 1604712, at *1 (S.D.N.Y. May 8, 2012) (stating that a writ of *coram nobis* is only available if the "defendant has served the entirety of the defendant's sentence pursuant to a federal conviction, and is no longer in custody pursuant to that conviction"), *aff'd*, 505 Fed. App'x 40 (2d Cir. 2012)). Accordingly, I construe Barnes's request under section 1651 as seeking a writ of *audita querela*.

[10]    *United States v. Quintieri*, 547 Fed. App'x 32, 33 (2d Cir. 2013) (quoting *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (*per curiam*)).

[11]    *See, e.g.*, Motion at 7-9 (arguing that this Court lacked jurisdiction for alleged failures to comply with the Jury Selection and Service Act of 1968), 9-11 (arguing that his plea was involuntary and arguing that my findings in the order dismissing his petition were mistaken).

2255.[12]  Each of Barnes's collateral attacks, including those based on lack of

jurisdiction and ineffective assistance of counsel, could have been brought as a

petition for a writ of habeas corpus pursuant to section 2255.  Neither Barnes's

failure to raise these arguments in his original section 2255 motion nor section

2255's restrictions on second or successive motions call into question the

constitutional validity of section 2255.[13]  Therefore, a writ under section 1651

would not fill a gap in the current system of post-conviction relief.[14]  Accordingly,

Barnes is not entitled to relief under section 1651.

Barnes also raises section 2243, citing to *United States v. Trietsman*.[15]

---

[12]    *See Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255.").  While Barnes's challenges all fall under section 2255, Barnes states that his motion is not to be construed as a motion under section 2255.  *See* Motion at 3-4.

[13]    *See Pipola v. United States*, 430 Fed. App'x 31, 32-33 (2d Cir. 2011) (holding that section 2255, not *audita querela*, is the appropriate means for federal prisoners to challenge the legality of their convictions, notwithstanding its restrictions on second or successive motions); *United States v. Mejia*, No. 03 Cr. 1483, 2010 WL 935446, at *2 (S.D.N.Y. Mar. 16, 2010) (dismissing motion for resentencing styled as a petition under section 1651 and noting that failure to bring claims in a timely motion under section 2255 does not raise issues about the constitutional validity of section 2255).

[14]    *See Quintieri*, 547 Fed. App'x at 33 ("The writ is generally not available to review a criminal conviction if the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion.") (citing *Richter*, 510 F.3d at 104).

[15]    178 F.3d 624 (2d Cir. 1999).

4

In *Triestman*, the Second Circuit held that section 2243 permits the modification of

a sentence in the context of a petition under Title 28, United States Code, section

2241 ("section 2241").[16]  In contrast to section 2255, which is used to "challenge

the *imposition*" of a sentence, section 2241 "is the proper means [for a federal

prisoner] to challenge the *execution* of a sentence."[17]  Because Barnes does not

challenge the execution of his sentence, section 2241 is not available.

However, a prisoner may file a motion under section 2241 "to test the

legality of his detention when § 2255 is inadequate or ineffective to challenge his

detention."[18]  Section 2255 is inadequate or ineffective "where a prisoner cannot

avail himself of § 2255, and when the failure to obtain collateral review raises

serious constitutional questions."[19]  As one court explains:

---

[16]     *See id.* at 629 ("Because § 2243's authorization to 'dispose of the
matter as law and justice require' is broad enough to allow for resentencing in
some circumstances – *i.e.*, such as when necessary to cure a constitutional defect –
we read § 2243 as containing an express grant of statutory power under §
3582(c)(1)(B) to resentence in those circumstances.").

[17]     *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004)
(emphasis in original).

[18]     *Id.* at 135.

[19]     *Id.* (explaining that section "2255 is *not* inadequate or ineffective
simply because the prisoner cannot meet the AEDPA's gate-keeping requirements,
so long as the claim the prisoner seeks to raise was previously available to him on
direct appeal or in a prior § 2255 petition.") (emphasis in original).

> The only cases which the Second Circuit has recognized as raising serious constitutional questions are "cases involving prisoners who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time."[20]

However, Barnes's arguments all relate to claims that were or could have been raised in his section 2255 petition.[21] Furthermore, Barnes neither proves his actual innocence on the record nor establishes they he could not have effectively raised his claims of innocence at an earlier time.[22] Accordingly, Barnes is not entitled to relief under section 2243.

Finally, the other statutes raised by Barnes do not explicitly permit the modification of a sentence. Title 28, United States Code, section 41 concerns the composition of the federal courts. This statute does not expressly provide for modification of a sentence. Title 28, United States Code, section 1867(e) governs objections to the selection of the grand or petit jury. This statute also does not expressly provide for modification of a sentence. Title 18, United States Code, section 3742(a)(1) governs appeals of a district court's sentence to the Court of

---

[20]     *Ocasio v. United States*, Nos. 08 Civ. 1305, 95 Cr. 942, 2013 WL 310388, at *3 (S.D.N.Y. Jan. 25, 2013) (quoting *Cephas*, 328 F.3d at 104) (quotation marks omitted).

[21]     *See* Motion at 2-11.

[22]     Barnes argues that "he is actually innocent, based on the failure to prove lawful jurisdiction." Motion at 4.

6

Appeals. It is not relevant to a *district court's* power to modify a sentence.[23]

Accordingly Barnes's motion is DENIED. Pursuant to 28 U.S.C. §

1915(a)(3), the Court certifies that any appeal from this Order would not be taken

in good faith.[24] The Clerk of the Court is directed to close this motion (Docket No.

67).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            April 21, 2014

---

[23]     *See, e.g.*, *United States v. Henriquez*, No. 10 Cr. 73, 2012 WL 5896749, at *1 (S.D.N.Y. Nov. 20, 2012) ("18 U.S.C. § 3742 is not relevant to a district court's review of a defendant's sentence.").

[24]     *See Coppedge v. United States*, 369 U.S. 438, 445-46 (1962).

## - Appearances -

**Petitioner (Pro Se):**

**For the Government:**

Tyrone Barnes
# 62842-054
Federal Medical Center - Devens
Unit G-B
P.O. Box 879
Ayer, MA 01432

Amy Ruth Lester
Telemachus Philip Kasulis
Assistant U.S. Attorneys
U.S. Attorney's Office, Southern
District of New York
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2411

8