USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                :

UNITED STATES,                               :

                                                :     09-cv-1053 (LJL)

        -v-                                        :            ORDER

TYRONE BARNES,                         :

                    Defendant.                    :

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Defendant Tyrone Barnes has filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), invoking the conditions at FCI Fort Dix with respect to Covid-19, the risk of infection at that facility, and his vulnerability to severe consequences from Covid-19 stemming from his medical conditions. Mr. Barnes is clinically obese and has hypertension and diabetes. The Court denied a prior motion by Mr. Barnes for the same relief that was based on the same arguments, finding that compassionate release would not be consistent with the Section 3553(a) factors that the Court is required to consider. Dkt. No. 80. The Court noted that Mr. Barnes had been convicted of an extraordinarily serious crime, that his criminal conduct took place over more than a decade, and that Mr. Barnes played a leadership role in the conduct. Dkt. No. 79-1 at 5. He had two gravity knives in his possession when he was arrested. *Id*.

     The Court adheres to its earlier decision and denies the motion for compassionate release. Mr. Barnes has exhausted his administrative remedies. The Court also assumes that Mr. Barnes's medical conditions and the risks of Covid-19 at FCI-Fort Dix satisfy the statutory requirement that there be "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A)(i). But that is only a threshold requirement. Mr. Barnes' motion does not sufficiently address the Court's concerns that release would not be consistent with the purposes of sentencing as laid out by Congress in Section 3553(a) of Title 18 and as explicated in the Court's prior decision. The Court has considered the cases cited by Mr. Barnes in which other courts have granted relief to other defendants. He is right that consistency is an important value in the law. But sentencing and the sentencing factors are inherently individualized. And the cases Mr. Barnes cites are not comparable to his case. To take just the cases from this District involving those in Mr. Barnes' unit in FCI-Fort Dix, in *United States v. Pena*, No. 15-cr-551 (S.D.N.Y. May 8, 2020), the defendant had a limited criminal history, extensive involvement in the community, had engaged in charitable acts, had substantial ties to his family and most importantly had a low likelihood of recidivism. Dkt. No. 340 at 10-11. In *United States v. Cooper*, No. 13-cr-66 (S.D.N.Y. June 11, 2020), the defendant had no prior convictions, had no disciplinary infractions while incarcerated, and the court found that he was not likely to reoffend.

Dkt. No. 36 at 4.  The period of criminal activity in both cases was short.  Given the gravity of Mr. Barnes' crime and the extended period over which it occurred, the Court cannot reach a similar conclusion as to him.

      SO ORDERED.

Dated: September 29, 2020
       New York, New York

                                                  LEWIS J. LIMAN
                                          United States District Judge